The Count
instructed the jury to find for the defendant, which they did.[1]
One of the Court only was with the defendant on the second point.

 Boynton v. Emerson is cited with approval in the well-known case of Weld v. Hadley, 1818, 1 N. H. 295, 328. That case goes farther than Boynton v. Emerson; for the defendant there was the debtor himself, who had successfully pleaded the tender in a suit on the contract.
Weld v. Hadley has been disapproved of by prominent text-writers. 2 Kent, Com. 509; 2 Pars. Cont. 5th ed. 654, n. w; 2 Chit. Cont. 11th Am. ed. 1210, 1211.
There are also numerous expressions of judicial opinion adverse to Weld v. Hadley; hut a very large proportion of these occur in suits on the contract, where the question of title to the property tendered was not directly in issue. Por dicto in cases of this description, see Bell, J., in Miles v. Roberts, 1856, 34 N. H. 245, 256; Thompson, J., and Kent, J., in Coit v. Houston, 1802, 3 Johns. Cas. 243, 249, 258; Slingerland v. Morse, 1811, 8 Johns. 370, 374; Savage, C, J., in Lamb v. Lathrop, 1834, 13 Wend. 95, 97; McConnell v. Hall, 1820, Brayt. 223, 227; Barney v. Bliss, 1824, 1 D. Chip. 399, 406-409 (see also Hall, J., in Seward v. Heflin, 1848, 20 Vt. 144, 148); Palmer v. Harper, 1833, Wright (Ohio), 383 (decided under statute); Bradshaw v. Davis, 1854, 12 Tex. 386, 353-355; Hambel v. Tower, 1863, 14 Iowa, 530, 532; Peters, J., in Smith v. Loomis, 1828, 7 Conn. 110, 114-116; Blackford, J., in Mitchell v. Merrill, 1827, 2 Blackf. (Ind.) 87, 89; Stevens, J., in Johnson v. Baird, 1833, 3 Blackf. (Ind.) 182, 186, 187; Dorman v. Elder, 1834, 3 Blackf. (Ind.) 490, 492; Rogers, J., in Case v. Green, 1836, 5 Watts, 262; Coulter, J., in Zinn v. Rowley, 1846, 4 Penn. St. 169, 171; Curtiss v. Greenbanks, 1852, 24 Vt. 536 (where the question related to the validity of a tender of money); Bibb, C. J., in Mitchell v. Gregory, 1809, 1 Bibb, 449, 453.
Leballister v. Nash, 1844, 24 Me. 316, and Des Arts v. Leggett, 1858, 16 N. Y. 582, are both cases where the title to the property tendered was directly in issue, and opinions were intimated adverse to Weld v. Hadley ; but in neither case was the precise point in Weld v. Hadley before the Court. In Leballister v. Nash (trover by the creditor against a third person), there was no refusal to accept. In Des Arts v. Leggett, Strong, J., took the ground that the debtors had been, at all times after the tender, willing that the creditors should have the benefit and control of the property, and had carefully avoided any thing which would interfere with any use of the property by the creditors. Under this view of the facts, it was held that the defendants, who were third persons, could not question the creditor’s title to the property. As all the judges are stated to have *303 concurred in the opinion delivered by Strong, J., it would seem that the very forcible criticisms upon Weld v. Hadley, in the opinion of Com-stock, J., pp. 592-594 (though also concurred in by the other judges), must be regarded as dicta. '
In Shelden v. Skinner, 1830, 4 Wend. 525, the debtor was held liable in trover for abandoning the property (turning the hogs into the street) after the tender. But see the contrary dicta of Comstock, J., in Des Arts v. Leggett, ubi sup. 591, 592.
The view held by most of the opponents of Weld v. Hadley seems to be that the tender ipso facto vested the property in the creditor; but it seems to have been thought by some that it did not vest until the debtor had successfully set up the tender as a defence to the contract. See Scott, J., in McJilton v. Smizer, 1853, 18 Mo. 111, 116, 117. And it has sometimes been held, that a plea of tender of specific articles in the creditor’s absence should aver that the defendant has been always, and yet is, ready to deliver the articles. See Tiernan v. Napier, 1823, Peck (Tenn.), 212; Nixon’s Adm’rs v. Bullock, 1836, 9 Yerg. 414; Miller v. McClain, 1837, 10 Yerg. 245; Walters v. M’Allister, 1818, 4 Hayw. (Tenn.) 299. (Contra, 2 Kent, Com. 508; 2 Pars. Cont. 5th ed. 653, n. v.) In Garrard v. Zachariah, 1828, 1 Stew. (Ala.) 272, a plea of tender and refusal was held good, without an averment that the defendant abandoned the articles, or kept them ready to be delivered to the creditor on demand.
The report of Rix v. Strong, 1773, 1 Root, 55 (referred to in Weld v. Hadley, 329), is as follows: “ Action of trover for a number of horses. Plea : not guilty, to the jury.
“ The facts were: Rix had a note against one Bacon, for £24 10s. payable, in horses, at a certain time and place in Lebanon. Bacon tendered the horses at time and place, and Rix refused them, and brought an action upon the note; to which Bacon plead the tender of the horses, and prevailed. Rix then looked after his horses, and found that the defendant had taken them away. lie went and demanded them, and brought this action.
“ And verdict and judgment was for the plaintiff to recover; for, as the tender was legal, the property of the horses was vested in the plaintiff.”
It may perhaps be urged that, in Boynton v. Emerson, there was stronger evidence of .the creditor’s “ abandonment ”_of the property than in Rix v. Strong.